# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2352 | **DATE** | 2/9/2012 |
| **CASE TITLE** | Lexington Insurance Co. vs. Horace Mann Insurance Co. | | |

## DOCKET ENTRY TEXT

Defendant Horace Mann Insurance Company's Motion to Strike Paragraphs of the Complaint that Violate Florida's Mediation Confidentiality and Privilege Act and For Award of Attorneys' Fees [7] is denied.

■ [ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court is Defendant Horace Mann Insurance Company's ("Horace Mann") Federal Rule of Civil Procedure 12(f) motion to strike paragraphs of the complaint that violate Florida's Mediation Confidentiality and Privilege Act, Fla. Stat. §§ 44.401 - 44.406 ("MCPA"). For the following reasons, Horace Mann's motion is denied.

Rule 12(f) authorizes a court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While the Seventh Circuit generally disfavors motions to strike, see Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989), Rule 12(f) may nevertheless "provide a useful and appropriate tool where the parties disagree only on the legal implications to be drawn from uncontroverted facts, or where questions of law are involved," Chao v. Linder, 421 F. Supp. 2d 1129, 1137 (N.D. Ill. 2006) (quotation omitted). As this motion can be decided on a narrow legal issue, the Court considers the motion's merits.

Plaintiff Lexington Insurance Company ("Lexington") seeks a declaration that it has no duty or obligation to indemnify its insured, Horace Mann, under an errors and omissions professional liability insurance policy. The underlying dispute involves Lexington's liability for Horace Mann's $7 million settlement of a third-party bad faith claim against Horace Mann. Horace Mann counterclaims alleging breach of contract and violation of 215 ILCS 5/155 and seeking a declaration that Lexington's defenses to its claim for coverage have no merit. At issue in this motion is whether nine paragraphs in Lexington's complaint – paragraphs referencing communications related to an underlying mediation that Lexington did not know about, attend, or participate in – should be stricken. Horace Mann voluntarily disclosed the mediation communications at issue to Lexington. Because the MCPA prohibits disclosures only by "mediation participants," this motion can be decided by determining whether Lexington qualifies as such.

Under the MCPA, a "mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." MCPA § 44.405(1). The statute defines a "mediation participant" as "a mediation party or a person who attends a mediation in person or by telephone, video conference, or other electronic means." Id. § 44.403(2). It is undisputed that Lexington did not attend the mediation. The MCPA can only apply, therefore, if Lexington is a "mediation party." A "mediation party" is defined as: "a person participating directly, or through a designated representative, in a mediation and a person who: (a) [i]s a named party;

(b) [i]s a real party in interest; or (c) [w]ould be a named party or real party in interest if an action relating to the subject matter of the mediation were brought in a court of law." Id. § 44.403(3) (emphasis added).

The parties dispute the plain meaning of this section. To Lexington, it contains two general requirements. First, a person must participate directly, or through a designated representative, in a mediation. Second, the person must satisfy either subsection (a), (b), or (c). By contrast, Horace Mann argues that a person need only satisfy subsection (a), (b), or (c). Both the plain language and purpose behind the MCPA support Lexington's interpretation.

To adopt Horace Mann's reading would require the Court to ignore the distinction between the meaning of "and" and "or." Section 44.403(2) uses the disjunctive "or," meaning that a "mediation participant" can be either (1) a "mediation party" or (2) "a person who attends a mediation in person or by telephone, videoconference, or other electronic means." Either option is sufficient. By contrast, § 44.403(3), which directly follows § 44.403(2), uses the conjunctive "and." Under § 44.403(3), a mediation party is "a person participating directly, or through a designated representative, in a mediation and a person who [satisfies either (a), (b), or (c)]. " (emphasis added). The Court – presuming that the Florida Legislature chooses is statutory language with care – declines Horace Mann's invitation to read the "and" in § 44.403(3) to mean the same thing as the "or" in § 44.403(2). See, e.g., Newsome v. United States, No. 01 C 5409, 2002 WL 1559670, at *2 (N.D. Ill. July 16, 2002) ("One would think that if Congress had meant [a statute]'s requirements to be read in the conjunctive, it would have written an 'and' instead of an 'or' between the two requirements."). As in Newsome, this Court is "ever mindful that the . . . Seventh Circuit has, time and time again, emphasized that '[t]he plain meaning rule is applicable when the statutory language is clear, unambiguous, and not controlled by other parts of the act or other acts on the same subject.'" Id. (quoting Smith v. Zachary, 255 F.3d 446, 448 (7th Cir. 2001)). Because it is undisputed that Lexington did not "participate directly, or through a designated representative" in the mediation, Lexington cannot be a "mediation party" under the MCPA.

This reasoning is buttressed by the MCPA's purpose of encouraging the use of mediation by promoting frank and candid communications regarding events in the past. As one commentator has explained of the MCPA, "[i]t is apparent that the [Florida] legislature intended to protect all communication among all persons participating in a mediation by any means. The rationale is that parties in conflict will be unlikely to have candid discussions about settling the case if they have concerns that these conversations will be made public or can be used against them in litigation if the case cannot be resolved." Florida Medical Malpractice Handbook, MALP FL-CLE 3-1 (2006); see also Altheim v. GEICO Gen. Ins. Co., No. 8:10-cv-156-T-24TBM, 2010 WL 5092721, at *1 (M.D. Fla. Dec. 8, 2010) ("By definition, the privilege contemplates protecting disclosure of communications that were made during mediation to others outside the mediation process.").

In support of its argument that the MCPA should apply even if a person does not participate directly, or through a designated representative, in a mediation, Horace Mann posits that "[a]n insurer, which might be responsible for paying for a judgment or settlement, must be able to communicate with its insured without violating the MCPA or mediation is stymied." Horace Mann's Reply in Supp. of its Mot. to Strike 5. Contrary to Horace Mann's implication, the MCPA does not prohibit an insurer from communicating with its insured about a mediation. Nothing prevented Horace Mann from notifying Lexington of the mediation. Had Lexington known of the mediation, it could have represented its interests, participated directly and therefore been bound by the MCPA. The purpose of the MCPA – to promote candid discussions during mediation – is not served by including as "mediation participants" persons who do not know about or have the opportunity to participate in the mediation process. For whatever reason, Horace Mann chose to exclude Lexington from the mediation. As such, Lexington is not a "mediation participant" under the MCPA. Because the MCPA prohibits disclosures by "mediation participants" only, it does not apply to Lexington. The Court need not consider Horace Mann's additional arguments.

For the foregoing reasons, Horace Mann's motion to strike paragraphs of the Complaint that violate the MCPA and for award of attorneys' fees is denied.
IT IS SO ORDERED.