IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 11-cv-02352 |
| HORACE MANN INSURANCE COMPANY, an Illinois Corporation, | ) ) Honorable Charles R. Norgle, Sr. ) |
| Defendant/Third-Party Plaintiff, | ) Magistrate Judge Sheila M. Finnegan ) |
| AON RISK INSURANCE SERVICES WEST, INC., a California Corporation, | ) ) ) |
| Third-Party Defendant. | ) ) |

## AON'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Federal Rule of Civil Procedure 50(a), Aon Risk Services Insurance West, Inc. ("Aon") respectfully moves for judgment as a matter of law. In support, Aon states as follows.

### Introduction

During the week-long jury trial of this case, no evidence was presented upon which a reasonable jury could return a verdict in Horace Mann's favor against Aon. Aon, a third-party defendant, served as Horace Mann's insurance broker during the events in question in this lawsuit. This litigation commenced when Horace Mann's insurer, Lexington, filed a Complaint for Declaratory Judgment against Horace Mann, alleging four reasons why it was not obligated to provide insurance coverage to Horace Mann for the Burley Litigation. (Apr. 7, 2011 Compl. Dec. Judg. ¶¶ 33, 35-37, attached as Ex. A.) Horace Mann then filed a Third-Party Complaint against Aon alleging professional negligence. (June 30, 2011 Third Party Compl., attached as

Ex. B.) Horace Mann alleged that, "[i]f Lexington is correct that Horace Mann failed to provide timely notice of the Burley Litigation" to Lexington and thus that Lexington does not owe coverage to Horace Mann, then Aon is to blame. (*Id.* ¶ 16, emphasis supplied. *See also id.* at ¶¶ 6, 7, 8, 18.)

For three independent reasons, no jury could reasonably find for Horace Mann. *First*, the record is barren of any evidence that Aon improperly advised Horace Mann or failed to follow its instructions. *Second*, according to Horace Mann's own Third-Party Complaint, Aon can only be liable in the event Lexington prevails on an untimely notice defense. Lexington, however, is no longer asserting the late notice defenses it relied upon in its Complaint for Declaratory Judgment. At trial, Lexington's sole basis for withholding coverage was that Horace Mann failed to report a March 3, 2011 email. But Horace Mann has not alleged, or adduced any evidence, that Aon did anything wrong with respect to the March 3, 2011 email. *Third*, no evidence was offered at trial in support of Horace Mann's claim that Aon's conduct proximately caused Lexington to withhold coverage and file the Complaint for Declaratory Judgment, thus imposing litigation expenses upon Horace Mann.

For these reasons, Aon respectfully requests that the Court grant it judgment as a matter of law.

## **Legal Standards**

"If, reviewing that evidence in the proper light, the nonmoving party did not introduce enough to support her claim, then judgment as a matter of law is correct." *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000) (affirming trial court's grant of judgment as a matter of law under Fed R. Civ. Pro. 50(a)). "The standard for granting judgment as a matter of law 'mirrors' the standard for granting summary judgment." *Pandya v. Edward*

*Hosp.*, 1 F. App'x 543, 545 (7th Cir. 2001) (quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2109 (2000)). Under Rule 50(a):

> **(1) *In General.*** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> **(A)** resolve the issue against the party; and
>
> **(B)** grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> **(2) *Motion.*** A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a).

## Argument

**I.   The Record is Barren of Any Evidence that Aon Breached the Professional Duties Alleged in the Third-Party Complaint.**

In its Third-Party Complaint, Horace Mann alleges the following theory of professional negligence against Aon: "Aon breached its duties to Horace Mann by [1] improperly advising Horace Mann that notice to Lexington of the Burley Litigation was not required in August and September 2010 and [2] in failing to follow Horace Mann's instructions regarding providing prompt notice of the Burley Litigation to Lexington in August, September and December 2010." (Third Party Compl. ¶ 16.) The trial record contains no evidence in support of Horace Mann's allegations.

### A. The Trial Record Contains No Evidence that Aon Ever Advised that Notice was Not Required in August or September 2010.

Horace Mann has not elicited any testimony that Aon ever advised Horace Mann that notice of the Burley Litigation was not "required" in August or September 2010. No witness testified that Aon provided such advice.

In fact, Horace Mann's theory of liability is that Aon should have reported the Burley Litigation as <u>a Potential Claim</u> during August or September 2010. (Trial Tr. Apr. 12, 2016 at 134:25-135:7 attached as Exh. C.) The record is undisputed that the reporting of Potential Claims is <u>optional</u>. (HM 1 at p. 15 ¶ 9, attached as Exh. D, "Notice of Potential Claim.") It is not required under the Policy—only the reporting of actual Claims is required—and the reporting of a mere Potential Claim does not trigger coverage. (*Id.* at p. 32, Endorsement 12; HM 100 at p. 2; attached as Exh. E.) Horace Mann's own lawyer admitted as much in his opening statement. (Trial Tr. Apr. 12, 2016 at 123:21-22 (Exh. C): "A notice [of] potential claim is optional.")

Thus, the trial record contains no evidence that Aon "improperly advised" Horace Mann that notice of the Burley Litigation was not required in August or September 2010.

### B. Aon Followed Every Instruction of Horace Mann.

The undisputed evidence establishes that Aon followed every instruction Horace Mann gave to Aon. An insurance producer such as Aon "is not liable if he acts in good faith and with reasonable care, skill and diligence . . . in compliance <u>with his principal's instructions</u>." *Nat'l Union Fire Co. of Pittsburgh, PA v. Pontiac Flying Serv., Inc.*, No. 03-CV-1288, 2006 WL 3422166, at *7 (C.D. Ill. Nov. 27, 2006) (citing *Faulkner v. Gilmore,* 621 N.E.2d 908, 911 (Ill. App. Ct. 1993) (emphasis in original). "[T]he implication is that the insured must provide instructions concerning his wishes and only if those instructions are not followed can the broker be found liable." *Id.* at *7 (citing *AYH Holdings, Inc. v. Avreco, Inc.,* 826 N.E.2d 1111 at 1130-

31 (Ill. App. Ct. 2005).) "[I]f a fact is not within the broker's knowledge then no duty is placed on the broker to inform the insured of the consequences of that fact." *Id.* Horace Mann's own expert Cowan testified as much. (Trial Tr. 959:20-23; Exh. C); *See also* HM 146 at p. 4 (Exh. F) (discussing broker's duty "to follow all reasonable instructions given by the client.")

In this case, Horace Mann's Third-Party Complaint alleges that Aon failed to follow Horace Mann's instructions when, in August and September 2010, Aon failed to report the Burley Litigation to Lexington as a Potential Claim. (Trial Tr. Apr. 12, 2016 at 134:23-136:11; Exh. C.) The indisputable evidence in this case, however, establishes that Aon abided by Horace Mann's instructions regarding the Burley Litigation at every step:

- On August 20, 2010, Horace Mann first reported the Burley Litigation to Aon. (HM 104 at 006699; Exh. G.)

- On August 20, 2010, Ariel Duris responded to Horace Mann: "We don't have a record of this matter. Apparently, there was a suit filed in 2008 according to the description below. If that's the case, we would have a late noticing issue on this matter. Let us know how you would like us to proceed." (*Id.* at 006698.)

- On August 20, 2010, Littrell informed Duris: "Hi, Ariel, please proceed in reporting it." (*Id.*)

- On August 20, Duris replied: "Nereida, Thank you. I will need a copy of the suit. Can you sen[d] it over?" (*Id.*)

- On August 23, 2010, Littrell responded: "Hi, Ariel, I'm working on getting copies of those lawsuits for you. Please proceed in reporting them all to the E&O carrier." (Aon DX 11 at 006752; Exh. H.)

- On August 23, 2010, Duris replied: "We'll notice once we receive the suits. Carriers will need those. **Is that OK**?" (*Id.*, emphasis supplied.).

- On August 23, 2010, Littrell replied: "**That's fine.** We'll get those to you pronto." (*Id.*, emphasis supplied.)

- On September 7, 2010, Duris re-sent his August 27, 2010 email described in Paragraph 27 above to Littrell and stated: "Just thought I'd follow up." (Aon DX 17 at 006828; Exh. I.)

- On September 7, 2010, Littrell wrote to Duris: "A copy of the suit will follow this email." (*Id.*) Duris responded: "A copy of the lawsuit will follow this email." Duris replies: "We await copy of the suit in order to notice." (Aon DX 17 at 006827.)

- On September 16, 2010, Duris followed up on his September 7, 2010 email to Littrell as follows: "Per my previous email . . . . Awaiting your instructions as to how to proceed. . . . We await copy of the suit in order to notice." (Aon DX 24 at 006653; Exh. J.)

- On September 21, 2010, Littrell finally forwarded the Burley v. Drake Complaint to Duris and stated: "Please submit these claims to the E&O carrier for their review and consideration." (*Id.* at 006652.)

- On September 24, 2010, Littrell emailed Duris as follows: "I did a little more digging. Long story short: there's no 'written' extra contractual allegation. **We wish to withdraw this claim**." (*Id.* at 006651, emphasis supplied.)

In none of the above emails did Duris fail to abide by any instructions of Horace Mann. Littrell admitted on the witness stand that she understood Duris would notice the Burley Litigation to Lexington when he received a copy of the lawsuit (*id.* at 771:1-3; Exh. C) and that

6

she informed Duris "that's fine." (*Id.* at 770:11-17; Exh. C.) Duris testified that he never told Littrell he would not send notice of the Burley Litigation. (Trial Tr. 723 at 19:21.) Littrell never testified to the contrary. Likewise, Duris confirmed that he did not submit the Burley Litigation to Lexington in August or September 2010 because he (a) awaited a copy of the complaint in the Burley Litigation to determine if a "Claim" had been filed against Horace Mann (*id.* at 19-25); and (b) he was instructed by Littrell that she "**wish[ed] to withdraw**" the Burley Litigation from submission to Lexington. (Trial Tr. Apr. 18, 2016 at 725:14:-17 (Exh. C): "I mean, she just told us to withdraw. **Q. And you followed her instructions? A. Absolutely."**) (emphasis supplied).

Horace Mann promised the jury during opening statements that the evidence would show that "Aon advised" Horace Mann not to send a Notice of Potential Claim regarding the Burley Litigation in August or September 2010 because Aon wrongly feared that a "prior notice" provision under Exclusion 4(b) of the Policy would bar Horace Mann from receiving coverage. (Trial Tr. 127:2-3; 127-129; Exh. C.) The evidence has shown no such thing. Neither of the two Aon witnesses who testified in this matter, Vice President Ariel Duris (*id.* at 705:19; Exh. C) or Senior Account Executive Doug Neil (*id.* at 563:15; Exh. C), testified that they warned Horace Mann against submitting the Burley Litigation as a Potential Claim for any reason, let alone because of Exclusion 4(b).

Horace Mann's witnesses testified no differently. Nereida Littrell did not testify that Duris advised her not to file a Notice of Potential Claim in the Burley Litigation. In fact, Littrell admitted that she never even had a verbal conversation about the Burley Litigation with Duris or anyone else from Aon. (Trial Tr. 767:1-4; Exh. C.) Not a single email put into evidence at trial states that Aon advised Horace Mann against sending a Notice of Potential Claim in the Burley Litigation. Moreover, in a damning email Littrell sent to Lexington claims adjuster Alan

7

Burkholz, Littrell put in writing the supposed reason why she decided to "withdraw" the Burley Litigation from consideration by Lexington. Littrell's email says nothing about Aon talking her out of filing a Notice of Potential Claim based upon Exclusion 4(b):

> The first submission of this claim to the E&O broker was back in August 2010. Despite no written allegation of bad faith to trigger the claim we recognized a clear exposure in that the plaintiff attorney had verbally alleged bad faith prior to mediation in December 2010. <u>Consequently, we presented the claim to the E&O broker in August of 2010, months prior to mediation. At that time, the broker verbally advised us that the claim would be rejected since there was no written allegation of bad faith to trigger the definition of a claim</u>. In response, we withdrew the claim and then later insisted that the broker present it to you, the E&O carrier. After consulting with their local counsel, the broker accepted it as a notice of circumstance in late December 2010/early January of this year.

(Aon Ex. 54, emphasis supplied (attached hereto as Exh. K).) Even more damaging, Littrell's email statement above that Aon "verbally advised" her in connection with the Burley Litigation is irreconcilably at odds with her admission at trial that she never had a verbal conversation with Aon about the Burley Litigation. (Trial Tr. 767:1-4; Exh. C.)

The trial record is clear: Aon followed every instruction Horace Mann provided. Because no evidence was adduced to support Horace Mann's claim of professional negligence, the Court should grant Aon judgment as a matter of law.

## II. No "Timely Notice" Issues Remain in this Case.

In its June 30, 2011 Third-Party Complaint, Horace Mann made clear that it sought a finding of liability against Aon in the event Lexington were to prevail on the untimely notice defenses raised in its April 7, 2011 Complaint for Declaratory Judgment. (Third Party Compl. ¶ 7.) Lexington alleged in its Complaint that Horace Mann had failed to timely report a September 14, 2010 Letter, which Lexington believed was a "Claim" under the 2009-2010 Policy; failed to timely report a December 15, 2010 mediation; and failed to timely report a trial date in the Burley Litigation. (Compl. Dec. Judg. ¶¶ 33, 35-37.)

8

Horace Mann alleged in its Third-Party Complaint that Aon's liability was contingent upon a finding that Lexington was correct in its contentions that Horace Mann was untimely in reporting the Burley Litigation to Lexington. Horace Mann alleged:

> <u>If Lexington is correct that Horace Mann failed to provide timely notice of the Burley Litigation</u>, Aon breached its duties to Horace Mann by improperly advising Horace Mann that notice to Lexington of the Burley Litigation was not required in August and September 2010 and in failing to follow Horace Mann's instructions regarding providing prompt notice of the Burley Litigation to Lexington in August, September and December 2010.

(Third Party Compl. ¶ 16, emphasis supplied. *See also id.* at ¶¶ 6, 7, 8, 18.)

During the three-day trial between Lexington and Horace Mann, however, Lexington never once contended that Horace Mann was "untimely" in reporting the Burley Litigation to Lexington. Not once during trial did Lexington's sole witness, Alan Burkholz, testify that Horace Mann's reporting of the Burley Litigation was untimely. Timely notice of a Claim is not an issue in the dispute between Lexington and Horace Mann. And the trial record contains no evidence that Aon's actions proximately caused Lexington to file the Complaint for Declaratory Judgment and assert the untimely notice grounds for relief therein — Horace Mann was forced to concede that Horace Mann never reported the September 14, 2010 letter, the mediation, or the trial date to Aon or Lexington. (Trial Tr. 515:2-516:8; 727:17-728:25; 729:18-21; (Exh. C.)

Instead, since the September 4, 2013 Order wherein the Court rejected Lexington's late notice defenses asserted in the Complaint for Declaratory Judgment, Lexington's sole basis for withholding coverage has been that Horace Mann failed to inform Lexington that a Claim had been made against Horace Mann in the form of a March 3, 2011 email. All of the trial testimony in Horace Mann's case against Lexington centered on whether Horace Mann had properly reported the March 3, 2011 email to Lexington as a Claim.

9

It is undisputed, however, that Aon had nothing to do with Horace Mann's reporting of (or failure to report) the March 3, 2011 email. The trial record contains no evidence that Aon even received the March 3, 2011 email. Indeed, Horace Mann alleged in its own Third Party Complaint that Horace Mann stopped relying on Aon's advice on "January 11, 2011" (Third Party Compl. ¶ 17) — nearly two months before the March 3, 2011 email was authored. No evidence whatsoever was introduced at trial concerning any negligence on Aon's part with respect to the March 3, 2011 email.

Simply put, Lexington is no longer pursuing any untimely notice defenses. This reality is fatal to Horace Mann's case against Aon because the premise of Horace Mann's Third-Party Complaint was that "<u>If Lexington is correct that Horace Mann failed to provide timely notice of the Burley Litigation</u>," then Aon should be liable. (Third Party Compl. ¶ 16.) Based upon Horace Mann's own allegations, and given the total absence of any late notice defenses from Lexington, no basis exists for Aon to remain in this litigation.

### III. The Trial Record Contains No Evidence that Aon Caused Lexington to Commence this Litigation.

During this trial and in previous motion practice, Horace Mann has contended that Aon proximately caused Horace Mann to incur the litigation costs of pursuing coverage from Lexington. As Horace Mann's counsel stated during his opening statement against Aon: "We haven't been paid for five years. Someone has to pay the cost of this litigation. . . .We're going to ask you if [Aon] make[s] these mistakes, they should be the ones to pay for it." (Trial Tr. 132:22-133:2; Exh. C.) In 2014, Aon moved for summary judgment. In its September 18, 2014 Order, the Court noted that, because "expert discovery . . . remains ongoing," Horace Mann's theory of liability against Aon remained viable "at this time." (Sept. 18, 2014 Order, ECF No. 178, at 3 (Exh. L).) The Court ruled "genuine issues of material fact remain as to whether Aon

could have and should have reported a potential claim in August or September of 2010, and whether Aon's reporting of a potential claim would have prevented the instant litigation between Lexington and Horace Mann and the attendant damages" of Horace Mann's attorneys' fees. (*Id.*)

Horace Mann has now rested its case. No witness testified that Aon proximately caused Horace Mann to incur the costs of pursuing coverage from Lexington. During expert discovery, Horace Mann's expert Cowan opined that, "[i]f Aon had complied with Horace Mann's request" to send a Notice of Potential Claim "in August 2010, Lexington would not have denied coverage, and Horace Mann would have avoided this current litigation." (HM 142 (Exh. M), Cowan Report at 32, ¶ VII(B).) **Cowan, however, failed to offer this opinion at trial.** Likewise, Lexington's sole witness, Alan Burkholz, did not testify that Lexington would have abstained from filing its Complaint for Declaratory Judgment and granted coverage for the Burley Litigation if only Aon had submitted a Notice of Potential Claim in August 2010. The record is barren of any evidence that Aon's conduct somehow caused Lexington to decide to withhold coverage and file its Complaint for Declaratory Judgment.

Because the record contains no evidence that Aon proximately caused Horace Mann's litigation expenses against Lexington, judgment as a matter of law should be entered for Aon.

WHEREFORE, for the above reasons, Aon respectfully requests that the Court grant Aon judgment as a matter of law pursuant to Rule 50(a).


Dated: April 20, 2016                                       Respectfully submitted,

                                                           AON RISK INSURANCE SERVICES WEST, INC.

                                                           By:    /s/ Jonathan B. Cifonelli
                                                                            One of Its Attorneys

Walter Jones, Jr. (wjones@pjjlaw.com) (ARDC 1365665)
Jorge V. Cazares (jcazares@pjjlaw.com) (ARDC 6203952)
Jonathan B. Cifonelli (jcifonelli@pjjlaw.com) (ARDC 6285930)
Pugh, Jones & Johnson, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601-2807
Telephone: (312) 768-7800
Facsimile: (312) 768-7801

# CERTIFICATE OF SERVICE

I, Jonathan B. Cifonelli, an attorney, certify that I shall cause to be served a copy of **Aon's Rule 50(a) Motion for Judgment as a Matter of Law** upon the following individual(s), by deposit in the U.S. mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, Federal Express overnight delivery, facsimile transmitted from (312)768-7801, Case Management/Electronic Case Filing System ("CM/ECF"), or electronic mail, as indicated below, on April 20, 2016.

| | | |
|---|---|---|
| ☒ | CM/ECF | *Attorneys for Plaintiff* |
| ☐ | Facsimile/___Pages | Joseph E. Collins |
| ☐ | Federal Express | Fox Rothschild LLP |
| ☐ | U.S. Mail | 353 North Clark Street, Suite 3650 |
| ☐ | Messenger | Chicago, Illinois 60654 |
| ☐ | Electronic Mail | Telephone: (312) 517-9227 |
| | | Email: jcollins@foxrothschild.com |
| | | |
| ☒ | CM/ECF | *Attorneys for Defendant/Third-Party Plaintiff* |
| ☐ | Facsimile/___Pages | Gary M. Elden |
| ☐ | Federal Express | Justin R. Donoho |
| ☐ | U.S. Mail | Shook, Hardy & Bacon LLP |
| ☐ | Messenger | 111 South Wacker Drive, 51st Floor |
| ☐ | Electronic Mail | Chicago, Illinois 60606 |
| | | Telephone: (312)704-7700 |
| | | Email: jdonoho@shb.com |

James I. Rubin
Andrew D. Shapiro
Debra K. Lefler
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602
Telephone: (312) 444-9660
Facsimile: (312) 873-4120
Email:  jrubin@butlerrubin.com
            ashapiro@butlerrubin.com
            dlefler@butlerrubin.com


s/ Jonathan B. Cifonelli
One of Its Attorneys for Third-Party Defendant